No. 2528.—RUFUS WAPLES *v.* THOMAS LAYTON AND THE SOUTHERN BANK.

In this case the Southern Bank had Judge Eustis employed by the year at a fixed salary to attend to its legal business. During the absence of Judge Eustis the bank employed the firm of Waples & Eustis to attend to its business in litigations to which the bank was a party, for which they bring this suit for their fees. The bank offered as a defense conversations between the officers of the bank and Judge Eustis, before his departure, showing that during his absence the firm of Waples & Eustis would attend to the legal business of the bank free of charge.

Held—That such conversation was in no manner binding on the firm of Waples & Eustis, and that they were entitled to recover their fees from the bank.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J. R. Waples,* in person, and *Lacey & Butler,* for plaintiff and apellant. *Roselius & Phillips,* for defendants.

WYLY, J. The plaintiff sues the defendants for $6900 for professional services rendered by the firm of Waples & Eustis to the Southern Bank in the cases stated in the petition, the interest of Eustis in said claims being transferred to Waples.

The court dimissed as of non-suit the case, and the plaintiff appeals.

The exception of *res judicata* can not be maintained for the reasons stated in the written opinion of the judge *a quo.*

That the firm of Waples & Eustis rendered the services and were employed to represent the Bank, there is no doubt. The fact is fully established by the evidence. That they were employed in these cases to represent Judge Eustis, the regular attorney of the Bank, and acted for him without expecting remuneration for their services from the

Bank, is not satisfactorily establised. On the contrary, it is not shown that they ever consented to take the cases on such terms. No conversation between the officers of the Bank and Judge Eutis that the firm of Waples & Eustis would, for him, attend to the business of the Bank during his absence from the city and charge the Bank nothing therefor, could bind the plaintiff or the firm of Waples & Eustis unless it be shown that they consented to the arrangement and took the business on such terms. This has not been shown.

The account is satisfactorily establshed by the evidence against the Southern Bank. No claim is established against the defendant Layton individually.

It is therefore ordered that the judgment appealed from be annulled, and that the plaintiff recover judgment against the Southern Bank for six thousand nine hundred dollars, with legal interest thereon from judicial demand, and all costs.

Rehearing refused.